dence. Our reading of the record does not produce sufficient facts to merit that conclusion. Considering that "the court's inherent power to refuse to receive material evidence is a power that must be sparingly exercised," Lopez v. United States, 373 U.S. 427, 440, 83 S.Ct. 1381, 1388, 10 L.Ed.2d 462 (1963), we do not find sufficient facts of impropriety to require exclusion of the evidence. Nor are we persuaded by the suggestion that our supervisory power should be invoked to exclude the evidence because the attorney in his dual capacity had a conflict of interest and that such exclusion is necessary to preserve the integrity of the attorney-client relationship. The record is barren of any evidence that Funk in any way represented the appellee and we are not prepared to say on the present record either that the admission of the evidence would be inherently unfair with respect to the appellee, or that its exclusion would contribute to the integrity of the attorney-client relationship.

Finally, the privilege resulting from the attorney-client relationship between Mrs. Hodges and Funk cannot be invoked to exclude the envelope and its contents. Mrs. Hodges on her own initiative called Funk in his capacity as her private attorney. He in turn assumed that he was acting in that capacity and he advised turning the evidence over to the police. As stated, there is no evidence that he was acting as appellee's attorney. Commonwealth v. McKenna, 206 Pa.Super. 317, 213 A.2d 223 (1965); Logan v. Oliver, 96 A.2d 516 (D.C.Mun.App.1953). *See generally* 8 Wigmore, Evidence § 2321 (1961). It may be true that the facts of this case could possibly be read as casting some doubt on Funk's respect for the confidential nature of the attor-

ney-client relationship. Yet, under the situation confronting him, it is equally plausible to conclude that the attorney simply felt that his action and advice were in the best interest of Mrs. Hodges, his client, as well as consistent with his ethical duty as an attorney.[5]

Reversed.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Anthony Vincent CALIO, Defendant-Appellant.**

No. 71-1719

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1971.

Morton A. Orbach (court appointed), Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., by Michael

---

5. It is also questionable that the attorney-client privilege is applicable in the case at bar since Mrs. Hodges, evidently not concerned with confidentiality, surrendered the evidence to Funk in the presence of the Chief of Police. For a suggestion that the attorney-client privilege is not ap-

plicable in this situation, see Leathers v. United States, 250 F.2d 159 (9th Cir. 1957).

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

**1314**

P. Sullivan, Asst. U. S. Atty, Miami, Fla., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

Charles Ray MILLER, Sr., as the father of Charles Ray Miller, Jr., a minor, Deceased, Plaintiff-Appellant,

v.

LOUISVILLE AND NASHVILLE RAIL-ROAD COMPANY, Defendant-Appellee.

No. 71-2311

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1971.

Borden Strickland, D. Wayne Childress, Mobile, Ala., for plaintiff-appellant.

W. B. Hand, Jerry A. McDowell, Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

UNITED STATES of America, Plaintiff-Appellee,

v.

Henry TIMBROOK, Defendant-Appellant.

No. 71-1367

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1971.

Melvyn Kessler, Miami, Fla., for defendant-appellant.

Roby Hadden, U. S. Atty., James W. Knowles, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Henry Timbrook appeals from judgment of guilty and sentence to five con-

---

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.